## Sucesión Pereda *v.* Sucesión Rodriguez.

Casación procedente de la Corte de Distrito de Mayagüez.

No. 12.—Resuelto en Febrero 16, 1903.

CASACIÓN.—PRUEBAS.—El recurso de casación no procede por error en la apreciación de determinada prueba, si el Tribunal inferior, apreciando en conjunto toda la prueba. llega á una correcta conclusión de la misma.

GESTIÓN DE NEGOCIOS AGENOS.—Las disposiciones contenidas en los artículos 1888 y 1889 del Código Civil tienen aplicación solamente en aquellos casos en que la gestión de negocios de otro es voluntaria y sin mandato de éste, mas no la tienen en aquellos casos en que dicha gestión se verifica por encargo y con la intervención de la parte interesada.

### EXPOSICIÓN DEL CASO.

*Resultando:* que la Sucesión de Don Fermín Pereda, compuesta por Doña Blasina Alemar, por su propio derecho, como viuda de aquél, y con el carácter de representante legal de sus menores hijos Don Francisco y Doña Leonor

### No. 12.—Decided February 16, 1903.

Pereda y Alemar, y en nombre de Doña Georgina de los mismos apellidos, legalmente representada por su consorte Don José Domínguez y Portero, prévio acto de conciliación sin avenencia, y con copia de un poder para testar, otorgado por Don Fermín Pereda á su esposa Doña Blasina Alemar, de 26 de Febrero de 1885, y del testamento por Comisario de dicho Pereda, de 27 de Diciembre de 1899, presentó, con fecha 27 de Septiembre de 1901, á la Corte de Distrito de Mayagüez, demanda de juicio declarativo contra la Sucesión de Don Juan Rodríguez Díaz, constituida por Doña María Luisa Alemar, como viuda y representante legal de su hija Doña Asunción Rodríguez, menor de edad, y por Doña Juana y Doña Ana Luisa Rodríguez, casadas con Don José Sueca y Don Antonio Vicente Sánchez, respectivamente, fundando principalmente la reclamación, en el hecho de que Don Juan Rodríguez Díaz, al ocurrir el fallecimiento de Don Fermín Pereda, se incautó de un capital no menor de once á doce mil pesos, en moneda mexicana, representado por las existencias de su establecimiento de víveres, así como de diversos créditos de no escasa importancia, á favor de dicho Pereda, aprovechándose el Rodríguez de las circunstancias de estar casado con una hermana de la viuda de Pereda, de la ignorancia de ésta y de la menor edad de sus hijos, realizándose de este modo un despojo, bajo el nombre de una administración de la que jamás rindió cuentas, ni tampoco su sucesión, apesar de las gestiones amistosas llevadas á cabo desde que se tuvo conocimiento de los hechos consumados por aquél; y, después de alegar como consideraciones de derecho los artículos 1,888 y 1,889 del Código Civil, referentes á la administración de negocios ajenos en relación con los 1,101 al 1,108 del mismo cuerpo legal, concluyó suplicando que se condene á la Sucesión demandada, á que dentro del término de quinto día rinda cuenta minuciosa de la liquidación que del caudal relicto por Don Fermín Pereda practicó Don Juan Rodríguez, á que entregue el saldo resultante de la cuenta de administración y al pago del importe de los daños

Juana and Doña Ana Luisa Rodriguez, married to Don José Sueca and Don Antonio Vicente Sanchez, respectively, the complaint being based principally on the fact that Don Juan Rodriguez Díaz on the death of Don Fermín Pereda took possession of property valued at no less than eleven or twelve thousand *pesos*, Mexican money, represented by the stock of merchandise in his store, as well as several debts of no mean importance, owing to the said Pereda, Rodriguez taking advantage of the fact that he was married to a sister of Pereda's widow without the knowledge of the said widow or of her minor children, and in this manner effecting a seizure, under cover of his administration of the business of which neither he nor his succession has ever rendered any accounting, in spite of the friendly efforts which have been made with that end in view since the facts came to the knowledge of the Succession of Pereda; and after citing Articles 1888 and 1889 of the Civil Code in regard to the management of the affairs of others, in relation to Articles 1101 and 1108 of the same Code, plaintiff prayed the Court that the defendant be required within the term of five days to render a detailed accounting of the liquidation of the property left by Don Fermin Pereda, which liquidation was made by Don Jaun Rodriguez; that defendant be required to deliver the balance shown by such accounting to plaintiff, and to pay the damages and losses suffered by plaintiff and all the costs of the proceeding. The defendant answered the complaint refusing to admit the facts set out therein until the same should be proved, and alleged that on the death of Don Fermin Pereda, his wife Doña Blasina Alemar, who was alone and without any one to assist her in the liquidation of the business, and being beset by the claims of creditors who threatened to attach the stock of goods in the store and the two houses left by her husband on his death, on the advice of her father and her brother, she called upon her brother-in-law, Don Juan Rodriguez Diaz, requesting him to assist her in this difficult situation, which he did without

y perjuicios causados á los reclamantes y al de todas las costas.

*Resultando:* que la Sucesión demandada, al contestar la demanda, no acepta como ciertos los hechos, interín no se justifiquen en forma legal, ó no los reconozca expresamente en su contestación, y alega, como hecho primordial, que al fallecer Don Fermín Pereda, su esposa Doña Blasina Alemar, que se encontraba desamparada, sin nadie que la ayudase en la liquidación de los negocios y agobiada con las reclamaciones de acreedores que la amenazaban con embargar las existencias del establecimiento y las dos casas que dejó su esposo, llamó, por consejos de su padre y de su hermano, á á su cuñado Don Juan Rodríguez Díaz y le suplicó que le auxiliara en la difícil situación en que se encontraba, á lo cual accedió Rodríguez sin remuneración de ningún género, y logró que los acreedores desistieran de toda reclamación judicial y, obrando siempre de acuerdo y con la intervención de Doña Blasina, se cobraron las cuentas en pro y se pagaron las que existían en contra, salvándose para la Sucesión Pereda el mobiliario, un resto de provisiones y dos casas, una de mampostería y otra de madera, y que la liquidación se llevó á cabo de acuerdo ó por indicación de Doña Blasina, sin que otorgara escritura parà administrar, ni otra clase de poder á favor de Rodríguez, y después de alegar en derecho lo que creyó pertinente, concluyó suplicando que se declarare sin lugar la demanda, absolviendo de ella á la Sucesión de Don Juan Rodríguez Díaz, con imposición de todas las costas á la parte demandante.

*Resultando :* que recibido el pleito á prueba·se practicó la de posiciones, documental y testifical propuestas por las partes, deduciéndose de tres recibos otorgados á favor de tres acreedores de Don Fermín Pereda y firmados por Don Juan Rodríguez, que éste cobró las cantidades que cada uno expresa y derivándose de todo el conjunto de la prueba que la gestión de Rodríguez fué por encargo y con la intervención de la viuda de Pereda, Doña Blasina Alemar, y,

any remuneration whatever, and he succeeded in persuading the creditors not to institute judicial proceedings, and always acting by agreement with Doña Blasina and with her cooperation, the accounts due were all collected and the debts against the estate were paid, saving for the Succession of Pereda the furniture or fittings, a portion of the stock of provisions and two houses, one built of brick and cement and the other a frame house, and that the liquidation was made with the consent of Doña Blasina and at her request, no instrument being executed authorizing the administration, and no other authority having been given to Rodriguez; and after having cited such legal provisions as were deemed proper, the said answer was concluded by praying the court to dismiss the complaint and exonerate the Succession of Don Juan Rodriguez from all liability thereunder, and impose all the costs of the proceeding upon the plaintiff. The case having been admitted for the hearing of evidence, the documental evidence and the testimony proposed by the parties was heard, it having been shown by three receipts made in favor of three creditors of Don Fermin Pereda and signed by Don Juan Rodriguez, that the said Rodriguez collected the amounts for which each of the said receipts were made, and it being shown by all of the evidence taken together that the efforts of Rodriguez were made at the request and with the cooperation of the widow of Pereda, Doña Blasina Alemar, and the further proceedings having been had in the case, the District Court of Mayagüez rendered judgment on the 6th of January of the year last passed, dismissing the complaint and exonerating the defendant, with costs against the plaintiff. Plaintiff has taken an appeal in cassation provided for by Paragraphs 1 and 7 of Article 1690 of the Law of Civil Procedure, based on the following grounds:

I.—"Error of law in considering the three receipts out of so many other creditors of Pereda, and the testimony of various witnesses, since it all goes only to show that Don Juan Rodriguez collected and appropriated sums

seguido el pleito por los demás trámites, la Corte de Distrito de Mayagüez pronunció sentencia en 16 de Enero del año próximo pasado, por la cual se declaró sin lugar la demanda, absolviendo de ella á la Sucesión demandada con las costas á la parte actora.

*Resultando:* que la Sucesión demandante ha interpuesto recurso de casación como comprendido en los números 1 y 7 del artículo 1690 de la Ley de Enjuiciamiento Civil, por los siguientes motivos.

I.—Error de hecho al apreciar los tres recibos de otros tantos acreedores de Pereda y las declaraciones de varios testigos, pues todo ello solamente demuestra que Don Juan Rodríguez cobró y percibió sumas adeudadas á Pereda, por razón de su condición de comerciante, que los cobros se hicieron con posterioridad al fallecimiento de aquél, desde cuya fecha se encontraba Rodríguez al frente del establecimiento mercantil que dejó Pereda.

II.—Por ese error en la apreciación de la prueba se han infringido los artículos 1888 y 1889 en relación con el 101, dice, debe decir 1101 y 1108 todos del Código Civil, en cuanto la sentencia no reconoce en los actos realizados por Rodríguez los efectos legales del cuasi-contrato de gestión de negocios ajenos, y por tanto las obligaciones del mismo.

Abogado del recurrente : *Sr. Acuña, ( Eduardo ).*

Abogado del recurrido : *Sr. Alvarez Nava.*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal :

*Considerando:* que el Tribunal sentenciador apreciando en conjunto toda la prueba practicada, deduce derechamente el convencimiento de que la liquidación del establecimiento mercantil, que á su fallecimiento dejó Don Fermín Pereda, se practicó por Don Juan Rodríguez Díaz, por encargo y con la intervención de la viuda de aquél, Doña Blasina Alemar, y por consiguiente no se ha cometido el error en la apreciación de la prueba que se supone en el primer motivo del recurso, ni tampoco las infracciones que se alegan en el segundo, porque las disposiciones que se citan se refieren á la gestión de negocios de otro, cuando ésta es voluntaria, y sin mandato de éste, ninguna de cuyas circunstancias concurre en el presente caso.

owing to Pereda by reason of his situation as a merchant; that the collections were made after the death of the said Pereda, since which date Rodriguez was in the management of the business establishment left by Pereda".

II.—"By committing the said error, in considering the evidence referred to, Articles 1888 and 1889 in connection with 101 as stated, but which should be 1101 and 1108, all of the Civil Code, have been violated, inasmuch as the judgment does not recognize in the acts of Rodriguez the execution of a quasi contract to manage the affairs of others, and therefore the obligations thereof".

*Mr. Eduardo Acuña,* for appellant.

*Mr. Alvarez Nava,* for respondent.

Mr. Associate Justice Figueras, after making the above statement of facts, delivered the following opinion of the Court:

The trial court considering together all of the evidence introduced, correctly concludes that the liquidation of the mercantile establishment left on his death by Don Fermin Pereda was made by Don Juan Rodriguez Diaz at the request and with the intervention of Pereda's widow, Doña Blasina Alemar, and therefore no error has been committed in considering the evidence as is alleged in the first ground of the appeal; nor were the articles violated as alleged in the second ground of the appeal because the provisions cited refer to the management of the business of another undertaken voluntarily, and without the authority of the latter, none of which circumstances are present in this case. We adjudge that we should declare, and do declare, that the appeal in cassation for violation of law which was taken by the Succession of Don Fermin Pereda y Torres, does not lie, and tax the costs against appellant; a proper certificate will be issued to the District Court of Mayagüez, and the record sent to this tribunal, will be returned to the said district court.

Mr. Chief Justice Quiñonez and Associate Justice Hernandez, Sulzbacher and MacLeary, concurred in the foregoing opinion and judgment.

*Fallamos:* que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley que ha interpuesto la Sucesión de Don Fermin Pereda y Torres, á quien condenamos al pago de las costas; y líbrese á la Corte de Distrito de Mayagüez la correspondiente certificación, con devolución de los autos que ha remitido para los efectos procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernandez Sulzbacher y MacLeary.